UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
JOHN HATZFELD,

                              Plaintiff,                9:08-CV-0283
                                                                      (GLS)

    v.

THOMAS G. EAGEN, Dir., Inmate Grievance Program,
Central Office Review Committee; JOHN W. BURGE, Supt.,
Auburn Correctional Facility; NANCY RYERSON, RN, Nurse
Administrator, Auburn Correctional Facility; ANTHONY
GRACEFFO, MD, Auburn Correctional Facility; PANG KOOI,
MD, Auburn Correctional Facility,

                              Defendants.

APPEARANCES:

JOHN HATZFELD
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by John Hatzfeld. Hatzfeld, who is incarcerated at Cayuga Correctional Facility, has not paid the filing fee for this action.

In his complaint, Hatzfeld alleges that defendants improperly denied him medical treatment for the hepatitis C virus ("HCV").[1] Hatzfeld claims that defendants withheld medically prescribed treatment because Hatzfeld refused to participate in a Resident Substance Abuse Treatment and Alcohol Substance Abuse Treatment ("RSAT/ASAT") program. Hatzfeld objected to the RSAT/ASAT program because it was "religious-based" and he is an atheist. Dkt. No. 1 at 6-9.

---

[1] Following a liver biopsy on September 30, 2002, Phillip Holzapple, M.D., a gastroenterologist, recommended treatment with pegylated interferon and ribaviron. See Dkt. No. 1 at 3-4 and 11-12 (Ex. A.).

On February 12, 2004, Hatzfeld filed a civil rights action in the Northern District regarding the withholding of HCV treatment. *Hatzfeld v. Goord*, 9:04-CV-0159.[2] By Memorandum-Decision and Order filed September 23, 2005, District Judge Norman A. Mordue issued a preliminary injunction "prohibiting defendants from conditioning Hatzfeld's receipt of the prescribed HCV treatment upon his participation in an RSAT/ASAT program." Dkt. No. 57 at 10-11.[3]

By his present complaint, Hatzfeld asserts claims relating to the denial of HCV treatment based upon events which occurred during the period June through August, 2005. Hatzfeld claims that he learned that another inmate received HCV treatment commencing in September, 2004, notwithstanding the fact that he had refused to participate in a RSAT/ASAT program, and discussed this "apparent" change in DOCS policy with Dr. Pang Kooi on June 30, 2005 and again with Dr. Graceffo on July 25, 2005. Dkt. No. 1 at 4-5.[4] Hatzfeld alleges that both defendants refused to provide him with HCV treatment unless he completed the RSAT/ASAT program. *Id.* Named as defendants in this action in addition to Drs. Kooi and Graceffo are Auburn

---

[2] Named as defendants in that action are Glenn S. Goord, Commissioner; Lester Wright, Chief Medical Officer; Frank R. Headly, Dep. Comm.;John W. Burge, Supt., Auburn C. F.; Mark Rabideau, Dep. Supt., Auburn C. F.; D. McClendon, RSAT Coordinator, Auburn C.F.; W. Robinson, Nurse Admin., Auburn C.F.; S. Ahsan, Med. Dir., Auburn C.F.; and Anthony Graceffo, M.D., Auburn C. F.

[3] This case is presently assigned to District Judge Lyle E. Strom. Dkt. No. 77. Pretrial papers have been submitted by the parties and a telephone conference is scheduled for April 3, 3008. Dkt. Nos. 79-85, 87.

[4] Hatzfeld submitted an affidavit from this inmate, together with the inmate's RSAT/ASAT refusal forms and authorization for the release of medical records. *Id.* at 13-18 (Exhibit B).

Superintendent John W. Burge, Thomas G. Eagen, Director, Inmate Grievance Program, and Nurse Administrator Nancy Ryerson. For a complete statement of Hatzfeld's claims, reference is made to the complaint.

As to Hatzfeld's application to proceed *in forma pauperis*, after reviewing the file, the Court finds that Hatzfeld may properly proceed with this matter *in forma pauperis.*

WHEREFORE, it is hereby

ORDERED, that Hatzfeld's *in forma pauperis* application is granted.[5] The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order, and it is further

ORDERED, that the Clerk provide the Superintendent of the facility designated by Hatzfeld as his current location with a copy of Hatzfeld's authorization form, and notify the official that this action has been filed and that Hatzfeld is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Hatzfeld's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants, and it is further

---

[5] Hatzfeld should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.** Hatzfeld must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Hatzfeld is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Hatzfeld by regular mail. IT IS SO ORDERED.

March 31, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge